IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

ALVIN MCGREW

    Plaintiff,

v.

                              Case No. 11 000813

BRISTOL MYERS SQUIBB CO.,
                                          DIVISION H

    Defendant.
_____/

## COLLECTIVE COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

COMES NOW, Plaintiff, ALVIN MCGREW (hereinafter Plaintiff), a former pharmaceutical representative of the Defendant, individually and on behalf of all other similarly situated BRISTOL MYERS SQUIBB pharmaceutical representatives and sues Defendant BRISTOL MYERS SQUIBB, (hereinafter BM), and alleges:

### NATURE OF ACTION

1. Plaintiff sues on behalf of himself and other similarly situated Pharmaceutical Representatives (PRs) who work or have worked for the Defendant and who elect to opt into the action (The "Class") pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, and specifically the collective action provision of 29 U.S.C. § 216(b). This action claims that BM violated the FLSA by depriving Plaintiff and other similarly situated to the named Plaintiff of their lawful overtime wages.

2. This is an action for damages that exceeds any jurisdictional requirements exclusive of prejudgment, interests, costs and reasonable attorneys' fees.

3. At all times material hereto, Plaintiff was a resident of Hillsborough County, Florida. Plaintiff worked for Defendant between January 2008 and December 2008 as a PR. Plaintiff regularly worked for Defendant in excess of forty hours per week without receiving any overtime compensation as required by law.

4. At all times material, BM, was a corporation which has offices and/or does business throughout Florida including Hillsborough County Florida employing individuals as PRs to promote their product.

5. At all times material hereto, the Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Fair Labor Standards Act of 1938, as amended (hereinafter the "Act") and thereby subject to revisions of that Act relating to the payment of overtime wages of its employees. At all relevant times BM was and is legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each of the foregoing paragraphs as employer of the Plaintiff.

6. At all times material to this action, Defendant was the employer of Plaintiff within the meaning of 29 U.S.C. § 203(d). At all times material to this action Plaintiff was an employee of Defendant as defined by 29 U.S.C. § 203(e)(1) of the FLSA and worked for Defendant within three years preceding the filing of this lawsuit.

7. At all relevant times the unlawful conduct against Plaintiff and class members as alleged herein was actuated in whole or in part by a purpose to serve BM. At all relevant times, upon information and belief the unlawful conduct alleged herein was reasonably foreseeable by BM and committed under actual or apparent authority granted by BM such that all the unlawful conduct is attributable to BM.

## COLLECTIVE ALLEGATIONS UNDER THE FLSA

8. Plaintiff realleges paragraphs one through seven as though fully set forth herein.

9. During Plaintiff and other Class members period of employment their primary responsibility was to call on practicing physicians and hospitals and promote BM products via BM mandated scripted presentations.

10. In fact pursuant to Federal law Plaintiff and other Class members are legally prohibited from selling the product or receiving orders or binding commitments from the physicians to prescribe the product for sale in the future. Moreover, neither the Plaintiff nor the Class members sell or obtain orders from the ultimate end user of the product.

11. In addition, in no way could the work performed by Plaintiff and other class members be construed as obtaining orders for services as (1) they are statutorily prohibited from doing so (2) the Plaintiffs and Class members did not direct their promotional efforts to the consummation of their own sales but rather to the overall sales of the Defendant as evidenced by the way Defendant structured their incentive program (3) even after the Plaintiff and Class members obtained a non-binding agreement from the physician to consider prescribing the drug the sale was not complete and there were a myriad of intervening factors in between the promotional call and the actual sale and (4) the Plaintiff and Class members were not compensated solely on a commission basis.

12. In return for this work Defendant misclassified Plaintiff and other Class members as exempt under the FLSA and intentionally failed to pay them overtime hours for all hours worked over 40 hours.

13. On or before the start of 2008, Defendant was aware from an adverse rulings against it ultimately concluding in a district court opinion against it in *Amendola v. Bristol Myers Squibb Co.*, 558 F.Supp.2d 459 (S.D.N.Y. 2008), that it had been held legally liable for unpaid overtime to pharmaceutical representatives in its employ. Taken in conjunction with opinion letters from the Department of Labor dating back to 1999 and 2006, the Department of Labor's own handbook and preamble, and Federal law and regulations clearly outlining the Plaintiff and Class entitlements to overtime, Defendant nonetheless chose to willfully avoid paying overtime to these individuals.

14. For at least three years prior to the filing of this Complaint Defendant committed widespread violations of the FLSA by failing to pay Plaintiff and employees who are in the Class including but not limited to Professional Pharmaceutical Sales Representatives, Professional Sales Associates, Medical Sales Representatives, Pain Sales Specialists, Pain Specialty Sales Representatives, Primary Care Sales, and/or Hospital Sales Specialists for overtime hours worked in excess of forty hours per week at a rate of one-and-one half times their regular rate of pay. Therefore, Plaintiff and the Class is entitled to recover three years of unpaid overtime from the date of the filing of the Complaint.

15. Defendant is liable under the FLSA for failing to properly compensate Plaintiff, and as such, notice should be sent to past and present PRs. There are numerous current and former PRs who would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to the Defendant, are readily identifiable, and can be located through Defendant's records.

16. Plaintiff and class members are similarly situated, have substantially similar job requirements and pay provisions, and are subject to AZ's common practices which violated FLSA labor statutes.

17. As a result of Defendant's FLSA violations, Plaintiff as well as others similarly situated have suffered damages from unpaid overtime wages.

18. Plaintiff and the Class seek unpaid compensation, an equal amount of liquidated damages, prejudgment interest, attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

19. The Defendants' violations of this Act have been a continuing violation for a period that exceeds the three years preceding the filing of this Complaint and the three year statute of limitations applies to such violations pursuant to 29 U.S.C. § 255.

**PRAYER FOR RELIEF**

20. By reason of the Defendant's violation of the act, the Plaintiff and/or Class seeks judgment against the Defendant for

    (A) unpaid compensation, an equal amount of liquidated damages, prejudgment interest, attorney's fees and costs.

    (B) Certification of this action as a collective action brought pursuant to the FLSA § 216(b).

    (C) At the earliest possible time, the Plaintiff be allowed to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been at anytime during the three years immediately preceding this lawsuit up through and including the date of this court's issuance of Court-Supervised Notice been employed by the Defendant AZ as a PR. Such persons shall be informed that this civil action has been filed, of

the nature of the action, and of their right to join this lawsuit if they believe they were misclassified as an exempt employee.

(D) Any other such relief the court deems just and reasonable.

## CERTIFICATE OF SERVICE

Dated this /8th day of January, 2011

/s/ Sanga Turnbull
Hardaway Turnbull Law Firm LLC.
1022 Lakeland Hills Blvd
Lakeland, Fl 33805
Ph: 863-688-7777
Fax: 863-688-6160
Email:sturn@htlawgroup.com